No. 14,215.

WOODS *v.* COOK.
(73 P. [2d] 1387)

Decided November 8, 1937. Rehearing denied December 6, 1937.

Mr. Thomas Campbell, Mr. Albert S. Frost, for plaintiff in error.

Dorothy Johns Thomas, Gunhild I. Ness, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Suit between two claimants of a sum of $656.50, being the proceeds of a mutual benefit insurance contract held by decedent, George W. McGee, in the Pullman Porters Benefit Association of America, an Illinois corporation. The defendant in error, Henrietta B. Cook, was claiming as an adopted daughter of McGee, and plaintiff in error, Benjamin C. Woods, as a nephew. The trial court, a jury being waived, decided in favor of Mrs. Cook. A motion for a new trial was dispensed with, and Woods assigns error. The original complaint below was filed by the Pullman Porters Benefit Association, who interpleaded the parties here, and paid the money into court.

McGee had been employed as a Pullman porter from 1906 to 1931. He was married, but he and his wife had no children of their own. On May 24, 1921, a decree of adoption in the usual form was entered in the Denver juvenile court on the petition of McGee and his wife, the decree reciting, inter alia, Henrietta Evylin Blackwell (defendant in error, Mrs. Cook) to be, "to all legal intents and purposes, the child and legal heir of the petitioners." Mrs. Cook was born in 1893, and in due time married Blackwell, her first husband, the record does not disclose when. She first met McGee about 1905. In 1909, McGee married and he and his wife lived at Mrs. Cook's sister's house from 1910 to 1921. Mrs. Cook's first husband, Blackwell, died about 1917. About the time the adoption decree was entered, McGee and his wife went to live with Mrs. Blackwell (Mrs. Cook). In 1922, Mrs. McGee left and was never heard from, but McGee continued to make his home with Mrs. Blackwell, who in that same year married Mr. Cook.

McGee lived as a member of the household, contributing to its support. He had an interest in an oil well and Mrs. Cook borrowed some money on her home to protect that investment. He was taken sick in 1929, and was not able to work very much after that and Mrs. Cook nursed him at all times whenever he was unable to care for himself. He died in 1936.

On April 25, 1921, McGee applied for membership in the Pullman Porters Benefit Association of America, naming a Mrs. Ella Blackwell as his beneficiary, and describing her as his daughter, giving her age as thirty-two.

On November 8, 1930, in a request for a change in the beneficiary, he asked that the principal beneficiary be changed from Bertha Powell to Mrs. Etter B. Cook, and naming as alternative beneficiary, Benjamin Woods, describing him as his (McGee's) nephew.

On September 29, 1932, he again changed his beneficiary, leaving Mrs. Henrietta B. Cook as principal

beneficiary, but changing the alternative beneficiary to his estate.

It is not disputed that Mrs. Ella Blackwell, Mrs. Etter B. Cook and Mrs. Henrietta B. Cook are one and the same person, and it is equally clear that she was the principal beneficiary during all of the time that this insurance was in force and was so at the time of McGee's death. The association acquiesced in all of the changes of beneficiary.

On April 16, 1913, McGee executed what purports to be his last will and testament, in which he gives and bequeathes to "Henrietta Williams Blackwell, of Denver, Colorado, all the residue and remainder of my said estate after the payment of my just debts; and I hereby appoint the said Henrietta Williams Blackwell as my administratrix, to serve without bond;" the purported will also reciting that his property and estate consisted of life insurance policies and personal belongings.

The contentions of Woods are: (1) That Mrs. Cook's claim fails, because she was over twenty-one years of age at the time that the decree of adoption was entered by the Denver juvenile court, and, because of that fact the said court had no jurisdiction to decree her adoption, its jurisdiction being limited to minors; (2) that because of the adoption being ineffectual, she fails as a member of a class designated as eligible beneficiaries under the by-laws of the Pullman Porters Benefit Association, and the laws of the state of Illinois controlling said by-laws; (3) that Mrs. Cook thereby becoming ineligible, Woods insists that he is entitled to the money by virtue of his being McGee's only blood relative, thus falling within the designated class of beneficiaries in the association's by-laws.

In response to these contentions, Mrs. Cook urges: (1) That, in spite of the lack of jurisdiction on the part of the juvenile court, she considered herself to be the adopted daughter of McGee, and that from and after 1921 she treated him as her father and took care of him

as a loving and faithful daughter would; (2) their dependence one upon the other being established, as a matter of fact, she does come within the class of designated beneficiaries within the by-laws of the association and the Illinois statute; (3) that the claim of Woods was specifically denied in the trial court, and upon conflicting evidence the court ruled against any blood relationship on the part of Woods.

The controlling provisions of the by-laws of the association are as follows:

"Section 16: Every member of the Association in filing application for membership shall designate a person or persons who shall be the beneficiary or beneficiaries to whom payment of any death benefit is to be made in case of death of the member,. and an alternative beneficiary or beneficiaries to whom payment of the death benefit is to be made in case the first named beneficiary or beneficiaries do not survive the member.

"Such beneficiary or alternative beneficiary shall be confined to: The wife of the member, his children, his parents, his brothers or sisters, other blood relatives, or persons dependent upon him for support. The Association shall be entitled to rely upon representations by a member as to the qualifications of the beneficiaries designated, and payment to beneficiaries so designated shall operate as a full discharge of the Association's obligations. * * *"

"Section 18. The certificate of membership issued to a member, the application for membership signed by the applicant, and the Constitution and By-laws of the Association, with all amendments to each thereof, shall constitute an agreement between the Association and the member, and any changes, additions or amendments to the Constitution or By-laws made subsequent to the issuance of the certificate of membership shall be binding upon the member, his beneficiary or beneficiaries, and shall govern and control the agreement in all respects in the same manner as if such changes, additions or

amendments had been in force at the time of the application for membership."

In 1933, the controlling provision of the Illinois law read, in part, as follows: "The payment of death benefits shall only be paid to the families, heirs, blood relations, ascending or descending, wife, husband, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, step-father, step-mother, step-children, step-brother, step-sister, children by legal adoption, parents by legal adoption, affianced wife, or affianced husband of the member, a person or persons upon whom the member is dependent, a person or persons dependent upon the member, or to a trustee for the sole benefit of any person or persons within the above classes. * * * provided, that an applicant or member having no dependent wife, husband or children living may, in such cases with the consent of the society, make his or her estate or a charitable institution the beneficiary; * * *." Ill. Sess. Laws, 1933, p. 650, 652. This being in full force and effect at the time of McGee's death in 1936.

As we stated above, the trial court decided all issues in favor of defendant in error, Mrs. Cook, and our opinion is that the judgment can, and should, be affirmed on the following grounds:

1. Regardless of the lack of jurisdiction of the juvenile court to enter a decree of adoption of a person over twenty-one years of age, the decree is certainly good evidence of the intention of the parties to enter into a relationship, which was definitely established and continued over a period of fifteen years, and which was never questioned by any of the parties to the adoption proceedings. 2 C. J. S. 442; 1 Am. Jur. 676.

However, it is not necessary for us to decide this case upon the status of the adoption.

As noted in the quotation of the Illinois statute, supra, "A person or persons upon whom the member is dependent, a person or persons dependent upon the mem-

ber'' is within the class of designated beneficiaries who may receive death benefits.

The record discloses, and it was not seriously contended otherwise, that McGee was dependent upon Mrs. Cook during the last several years of his life. He lived in her home. She prepared his meals, took care of his room and clothes, and nursed him when he was ill.

On the other hand, she was also dependent upon him for support within the meaning of the association's by-laws, supra. He was drawing a pension from the association monthly during the time of his illness, which he gave to Mrs. Cook to help support the household.

Finally, we feel that the trial court was entirely justified in finding that Woods was not a nephew of Mc-Gee. In fact, about the only evidence adduced to indicate that he was, was the recitation in one of the changes in beneficiary, which was repudiated by McGee himself when the last change of beneficiary was made, in which McGee named his estate as the alternative beneficiary.

Let the judgment be affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE YOUNG and MR. JUSTICE HOLLAND concur.